(dissenting). In an article 78 proceeding, petitioner appeals from an order of Special Term denying his motion to annul a determination of the New York State Veterans’ Bonus Bureau holding that petitioner, father of a deceased World War II'veteran, is not entitled as next of him to the bonus but that the veteran’s 11 widow ” is so entitled although she had remarried and was the wife of another long prior to and on the effective date of the bonus law.
Chapter 547 of the Laws of 1947 so far as relevant provides: Subdivision (c) of section 1: “A bonus of two hundred fifty dollars shall be paid to the next of kin of each male or female member of the armed forces who * * * died while on active duty at any time during the period from December seventh, nineteen hundred forty-one to and including September second, nineteen hundred forty-five; or who died while on active duty subsequent to September second, nineteen hundred forty-five, while a resident of this state and prior to receiving payment of a bonus under subdivision (a) of this section * *
Subdivision (c) of section 8: “ The term 1 next of kin ’ means the widow or widower, children, mother, father, brothers and sisters of any member, in the order named and none other. ’ ’
The undisputed facts are that the veteran entered the armed services of the United States in September, 1942, was married in 1944, and died while on active duty on May 5, 1945, in the Pacific area of operations. When he died he left him surviving his wife Marie, no child, and his father, petitioner and claimant herein. Marie remarried in September, 1946. The bonus was not approved until the general election in November, 1947; and *59 the effective operative date of the bonus law by its terms is January 1,1948 (§10).
The term “ widow ” or “ next of kin ” as used in the bonus law refers to the status, not as it existed at the date of the veteran’s death, but as it existed at the date the bonus law took effect. A bonus of $250 obviously was not intended to be compensation for the veteran’s death to take effect as of that date. When the veteran died in 1945, no bonus law was in existence. The bonus was a pure gift or gratuity made-by the statute payable to “ next of kin ” and “ shall take effect on January first, nineteen hundred forty-eight ’ ’.
Cases involving compensation for wrongful death are wholly inapplicable for there the cause of action arises at the moment of death and vests in the next of kin as of that time. In such cases the date of death is the controlling and operative date. Vesting in such next of kin as of such date, it is immaterial that changes take place before the date of trial since the date of trial has nothing to do with the vesting of the right. In the case before us, however, no right whatever to any bonus vested in anyone at the veteran’s death. The right was not created until long after death.
Accordingly, in this case “ next of kin ” is not to be determined as of the date of the veteran’s death, but as of the date the act takes effect and the bonus is available to those then entitled thereto. On January 1, 1948, Marie was no longer the “ widow ” of the deceased veteran but the “ wife ” of another. If when he died the veteran had a child of a prior marriage, on the majority’s construction of the act the bonus would be paid not to such surviving child as of the effective date but to a person who was at that time the wife of another man or to her estate if she had died before January 1, 1948. No such effect was ever intended.
In Matter of Embiricos (184 Misc. 453, 454-455, 456) Surrogate Foley, one of the ablest jurists this State ever had and especially expert in issues such as are here presented, defined “ widow ” as a woman who has lost her husband by death and has not taken another husband. He stated the issue presented as follows: “ Specifically the question is: Is a woman whose husband has died and who has remarried, nevertheless still his widow? The answer must be no.” In a comprehensive opinion, he reviewed all important law dictionaries and both American and English authorities and concluded: “It is immaterial whether the term ‘ widow ’ is used in a will, statute, agreement or other instrument. It has the same meaning in each case and *60 refers to a woman who has lost her husband by death and has not taken another. ” (Italics mine.)
Surrogate Foley’s opinion is convincing and in my judgment conclusive in reason and authority on the meaning of the term “ widow ”.
For the reasons stated, I dissent and vote to reverse the order appealed from and annul the determination of the Bonus Bureau and direct payment of the bonus to petitioner, father and next of kin of the veteran, with costs to appellant.
Callahan and Van Voorhis, JJ., concur with Shientag, J.; Dore, J., dissents, and votes to reverse in opinion in which Peck, P. J., concurs.
Order affirmed, with $20 costs and disbursements to the respondents.